

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-23-00337-CV**

**IN THE MATTER OF A.S., A JUVENILE**

_____

**From the 474th District Court**
**McLennan County, Texas**
**Trial Court No. 2023-118-J**

_____

**MEMORANDUM  OPINION**

_____

A.S. brings this appeal challenging the juvenile court's order under Family Code section 54.02 waiving juvenile court jurisdiction and transferring the case for prosecution in a criminal district court.

**Background**

The State filed a petition with the juvenile court seeking discretionary transfer of this matter to a criminal district court pursuant to section 54.02 of the Family Code. *See generally* TEX. FAM. CODE ANN. § 54.02. The juvenile court conducted a certification hearing on the State's petition, and at the conclusion of the hearing, the juvenile court approved the State's petition for waiver of jurisdiction and transfer to a criminal district

court. The juvenile court entered a written order after the hearing, and this appeal ensued.

## Issue One

In his first issue, A.S. contends that the evidence is legally insufficient to support the juvenile court's order waiving its jurisdiction and transferring him for prosecution in a criminal district court.

AUTHORITY

> We review a juvenile court decision to waive its exclusive original jurisdiction and transfer a case to criminal district court using two steps. First, we review the juvenile court's findings using the traditional evidentiary sufficiency review. In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the juvenile court's findings and disregard contrary evidence unless a reasonable fact finder could not reject it. If there is more than a scintilla of evidence to support the findings, then the evidence is legally sufficient. Under a factual-sufficiency review, we consider all the evidence presented to determine if the juvenile court's findings conflict with the great weight and preponderance of the evidence so as to be clearly wrong or unjust.

> If the juvenile court's findings are supported by legally and factually sufficient evidence, we review the juvenile court's ultimate waiver decision for an abuse of discretion. A juvenile court abuses its discretion if it acts without reference to any guiding rules and principles. A juvenile court abuses its discretion when its transfer decision is essentially arbitrary, given the evidence upon which it was based. By contrast, a waiver decision representing a reasonably principled application of the legislative criteria generally will pass muster under the abuse-of-discretion standard of review. An abuse of discretion does not occur when the juvenile court bases its decision on conflicting evidence.

*Bell v. State*, 649 S.W.3d 867, 887 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd) (internal citations and quotes omitted).

DISCUSSION

Section 54.02(j) of the Family Code permits the juvenile court to waive its exclusive original jurisdiction and transfer a person to a criminal district court for criminal proceedings if:

(1)    the person is 18 years of age or older;

(2)    the person was:

(A)   10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony or an offense under Section 19.02, Penal Code;

(B)    14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code; or

(C)   15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;

(3)    no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4)    the juvenile court finds from a preponderance of the evidence that:

(A)   for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

(B)    after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(i)     the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

(ii)    the person could not be found; or

> > (iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and

> (5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

TEX. FAM. CODE ANN. § 54.02(j).

Here, the trial court found: (1) A.S. was eighteen years of age or older; (2) A.S. was fourteen years of age or older and under seventeen years of age when he allegedly committed the first-degree-felony offense of aggravated sexual assault of a child; (3) no adjudication concerning the alleged offense had been made; (4) for reasons beyond the control of the State, it was not practicable to proceed in juvenile court before A.S.'s eighteenth birthday; and (5) there was probable cause to believe that A.S. committed the offense alleged. A.S.'s legal sufficiency complaint is limited to the juvenile court's finding that "for reasons beyond the control of the State, it was not practicable to proceed in juvenile court before [A.S.'s] eighteenth birthday."

It was stipulated by the parties in the juvenile court that A.S.'s birthdate is December 13, 2001. Therefore, A.S. turned eighteen years old on December 13, 2019. The forensic interview video that was admitted at the hearing reflects that the interview occurred on May 20, 2022. When the complainant was asked at that time if she ever told anyone about the alleged abuse, she said she told her best friend the prior year or the year before that. The best friend eventually told a sibling, and the sibling passed the allegations on to their mother. The best friend's mother then informed the complainant's mother of the allegations. The complainant stated in her interview that her mother was informed of the allegations against A.S. approximately two weeks before the forensic

interview. The complainant later specified her mother was informed the day before Mother's Day. From the context of the interview, the Mother's Day referred to by the complainant was Mother's Day of 2022. Additionally, during the forensic interview when she was asked A.S.'s age, the complainant estimated A.S. was twenty years old. Furthermore, the Waco Police Department case number "22-8296" for the alleged offense was established in 2022 after A.S. was eighteen years of age. The juvenile victim impact statement was completed by the complainant and her mother and submitted on January 31, 2023.

Viewing the evidence before the juvenile court in the light most favorable to the juvenile court's finding and disregarding contrary evidence unless a reasonable fact finder could not reject it, we conclude there is more than a scintilla of evidence to support the challenged juvenile court's finding. *See Bell*, 649 S.W.3d at 887. The juvenile court's transfer decision was not arbitrary but based upon a reasonably principled application of the legislative criteria; therefore, we conclude the juvenile court's decision fell within its sound discretion and did not amount to an abuse of discretion. *See id.*

We overrule A.S.'s first issue.

### Issue Two

In his second issue, A.S. contends that the juvenile court's order should be modified to accurately reflect the trial judge's oral pronouncement made on the record in

the juvenile court. The State agrees the juvenile court's order should be modified accordingly.

The juvenile court's written order contains the following finding, among others: "A preponderance of the evidence established that, after due diligence of the State, it was not practicable to proceed in juvenile court before Respondent's 18th birthday *because Respondent could not be found*." [Emphasis added.] The juvenile court's oral pronouncement did not include a finding that A.S. could not be found. The juvenile court's oral pronouncement included a finding that for reasons beyond the control of the State, it was not practicable to proceed in juvenile court before A.S.'s eighteenth birthday.

We have the authority to modify a judgment or an order to make the record speak the truth. *See In re J.R.*, No. 10-12-00201-CV, 2013 WL 135729, at *9 (Tex. App.—Waco Jan. 10, 2013, no pet.) (mem. op.). We modify the order of the juvenile court by deleting the finding: "A preponderance of the evidence established that, after due diligence of the State, it was not practicable to proceed in juvenile court before Respondent's 18th birthday because Respondent could not be found." We replace the deleted finding with: "For reasons beyond the control of the State, it was not practicable to proceed in juvenile court before Respondent's eighteenth birthday." We sustain A.S.'s second issue.

We affirm the order of the juvenile court as modified.


MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed as modified
Opinion delivered and filed March 28, 2024
[CV06]

